UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH ARTHUR UKANOWICZ, : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:18-cv-973 (VLB) |
| : | |
| JOHNNY C. WRIGHT, et al., : | |
|     Defendants. : | |

### RULING ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION

Plaintiff, Joseph Arthur Ukanowicz, commenced this civil rights action asserting claims for deliberate indifference to medical needs.  On January 2, 2020, the Court denied plaintiff's motion to amend to identify a purported pharmacist defendant and dismissed the case because plaintiff failed to file a third amended complaint by July 26, 2019.  Plaintiff has filed five motions for reconsideration of the dismissal of this case.  As motions for reconsideration, the motions are denied.  The Court also considers the motions as motions for relief from judgment filed under Federal Rule of Civil Procedure 60(b).  As such, relief is granted as to any dismissal for failure to timely file the third amended complaint.  However, in the January 2020 order the Court also determined that the amended complaint failed to state a plausible claim.  As plaintiff seeks merely to reinstate the amended complaint, the case is dismissed for failure to state a cognizable claim for relief.

### Motion for Reconsideration

"The standard for granting [a motion for reconsideration] is strict, and

reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). This District's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1.

Plaintiff argues that he timely filed the third amended complaint. He has attached to his fourth and fifth motions for reconsideration, however, an acknowledgement that the amended complaint was stamped at the correctional facility as having been scanned and emailed to the court but was never sent. As the amended complaint was never sent, the Court did not overlook it in reaching its decision. Thus, reconsideration is not warranted.

In addition, a motion for reconsideration must "be filed and served within seven (7) days of the date of the filing of the decision or order from which such relief is sought." D. Conn. L. Civ. R. 7(c)(1). The Court's order was filed on January 2, 2020. Plaintiff's motions were filed on January 13, 2020, January 24, 2020, February 10, 2020, and February 25, 2020, all beyond the seven-day deadline. Thus, as motions for reconsideration, the motions are untimely filed.

**Motion for Relief from Judgment**

The Court also considers plaintiff's motions as filed under Federal Rule of Civil Procedure 60(b)(1) which provides that, "[o]n motion and just terms, the court may relieve a party ... from a final judgment [or] order" on the basis of "mistake, inadvertence, surprise, or excusable neglect."  The Supreme Court has identified four factors that the court should consider when deciding a claim of excusable neglect:  (1) prejudice to the non-moving party, (2) the length of the delay and the resulting impact on judicial proceedings, (3) the reason for the delay and whether the delay was under the control of the moving party, and (4) whether the moving party acted in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Although *Pioneer* was a bankruptcy case considering the courts' powers under the Federal Rules of Bankruptcy Procedure, the Second Circuit has applied *Pioneer's* excusable neglect test to motions made under Rule 60(b) of the Federal Rules of Civil Procedure.  *Green ex rel. Estate of Green v. Advanced Cardiovascular Imaging*, No. 07 Civ. 3141(JCF), 2009 WL 3154317, at *2 (S.D.N.Y. Sept. 30, 2009) (citing *Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 249–50 (2d Cir.1997)).

Plaintiff stated throughout, that he sent his amended complaint to the Court on July 17, 2019, within the time specified in the order.  When the Court dismissed the case, plaintiff investigated further and discovered that the document was never sent.  He promptly informed the Court.  As plaintiff properly completed his part, by timely giving his amended complaint to prison staff to be

3

emailed to the Court, the delay was not caused by plaintiff and he acted in good faith in his attempt to comply with the order. Plaintiff conducted his investigation and informed the Court of the results within about a month of the dismissal. The Court considers the failure to timely file the amended complaint to be the result of excusable neglect. Thus, the dismissal for failure to comply with the Court's order is hereby vacated.

However, in the order dismissing this case, the Court also considered plaintiff's motion to amend and the proposed amended complaint he filed in September 2019. This is the same amended complaint he wishes to be the operative complaint in a reopened action. *Compare* Doc. #73-1 at 6-62 *and* Doc. #67-1. The Court concluded that plaintiff failed to state a cognizable claim for deliberate indifference to serious medical needs against the doctors or pharmacist. *See* Doc. #68. As plaintiff seeks to assert the same claims, reopening this case is not warranted.

## Conclusion

Plaintiff's motion for reconsideration [Doc. #75] is GRANTED to the extent that the dismissal for failure to comply with the Court's order is vacated. However, the request to reopen this case is DENIED and the amended complaint is DISMISSED for failure to state a cognizable claim for deliberate indifference to medical needs as discussed in the prior order.

Plaintiff's four other motions for reconsideration [Docs. #70, 72. 73, 74] are DENIED as moot.

IT IS SO ORDERED.

     /s/
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: June 9, 2020**